```
JOSEPH T. MCNALLY
Acting United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
KEDAR S. BHATIA (Cal. Bar No. Pending)
Assistant United States Attorney
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4442
     E-mail:    kedar.bhatia@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-10-JFW |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT YINPIAO ZHOU |
| v. | |
| YINPIAO ZHOU, | |
| Defendant. | |

1. This constitutes the plea agreement between YINPIAO ZHOU ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

   a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count two of the indictment in United States v. Yinpiao Zhou, No. 2:25-cr-10-JFW,

1  which charges defendant with violation of the national defense
2  airspace, in violation of 49 U.S.C. § 46307.
3        b.   Not contest facts agreed to in this agreement.
4        c.   Abide by all agreements regarding sentencing contained
5  in this agreement.
6        d.   Appear for all court appearances, surrender as ordered
7  for service of sentence, obey all conditions of any bond, and obey
8  any other ongoing court order in this matter.
9        e.   Not commit any crime; however, offenses that would be
10 excluded for sentencing purposes under United States Sentencing
11 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
12 within the scope of this agreement.
13       f.   Be truthful at all times with the United States
14 Probation and Pretrial Services Office and the Court.
15       g.   Pay the applicable special assessment at or before the
16 time of sentencing unless defendant has demonstrated a lack of
17 ability to pay such assessments.
18       h.   Defendant understands that the government obtained
19 additional material in this investigation that defendant has not been
20 shown. In exchange for the government's obligations under this
21 agreement, defendant gives up any right he may have had to review the
22 additional material, regardless of whether it is arguably exculpatory
23 or inculpatory, and further agrees to waive any argument that the
24 withholding of this material caused defendant's plea to be not
25 knowing or involuntary. The government agrees not to use at
26 sentencing any of the withheld material without providing it to
27 defendant.
28

THE USAO'S OBLIGATIONS

3.  The USAO agrees to:

    a.  Not contest facts agreed to in this agreement.

    b.  Abide by all agreements regarding sentencing contained in this agreement.

    c.  At the time of sentencing, move to dismiss the remaining count of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

    d.  At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

NATURE OF THE OFFENSE

4.  Defendant understands that for defendant to be guilty of the crime charged in count two, that is, violation of the national defense airspace, in violation of 49 U.S.C. §§ 46307, 40103, the following must be true:

    a.  *First*, the Administrator of the Federal Aviation Administration established that a particular area in the airspace was necessary in the interest of national defense.

    b.  *Second*, by regulation or order, the Administrator of the Federal Aviation Administration restricted or prohibited flight

1 of civil aircraft that the Administrator cannot identify, locate, and
2 control with available facilities in those areas.
3     c. *Third*, the defendant knowingly or willfully violated
4 the national defense airspace.

## PENALTIES

6   5. Defendant understands that the statutory maximum sentence
7 that the Court can impose for a violation of 49 U.S.C. §§ 46307,
8 40103, is: 1 year imprisonment; a 1-year period of supervised
9 release; a fine of $100,000 or twice the gross gain or gross loss
10 resulting from the offense, whichever is greatest; and a mandatory
11 special assessment of $25.

12   6. Defendant understands that supervised release is a period
13 of time following imprisonment during which defendant will be subject
14 to various restrictions and requirements. Defendant understands that
15 if defendant violates one or more of the conditions of any supervised
16 release imposed, defendant may be returned to prison for all or part
17 of the term of supervised release authorized by statute for the
18 offense that resulted in the term of supervised release, which could
19 result in defendant serving a total term of imprisonment greater than
20 the statutory maximum stated above.

21   7. Defendant understands that, by pleading guilty, defendant
22 may be giving up valuable government benefits and valuable civic
23 rights. Defendant understands that the conviction in this case may
24 also subject defendant to various other collateral consequences,
25 including but not limited to revocation of probation, parole, or
26 supervised release in another case and suspension or revocation of a
27 professional license. Defendant understands that unanticipated

1 collateral consequences will not serve as grounds to withdraw
2 defendant's guilty plea.

3     8.    Defendant understands that, if defendant is not a United
4 States citizen, the conviction in this case may subject defendant to:
5 removal, also known as deportation, which may, under some
6 circumstances, be mandatory; denial of citizenship; and denial of
7 admission to the United States in the future. The Court cannot, and
8 defendant's attorney also may not be able to, advise defendant fully
9 regarding the immigration consequences of the conviction in this
10 case. Defendant understands that unexpected immigration consequences
11 will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

13     9.    Defendant admits that defendant is, in fact, guilty of the
14 offense to which defendant is agreeing to plead guilty. Defendant and
15 the USAO agree to the statement of facts provided below and agree
16 that this statement of facts is sufficient to support a plea of
17 guilty to the charge described in this agreement and to establish the
18 Sentencing Guidelines factors set forth in paragraph 11 below but is
19 not meant to be a complete recitation of all facts relevant to the
20 underlying criminal conduct or all facts known to either party that
21 relate to that conduct.

22     On or about November 30, 2024, in Santa Barbara County, within
23 the Central District of California, defendant knowingly and willfully
24 operated an aircraft, namely, a DJI Mavic 2 unmanned aerial vehicle
25 with serial number 163CG98R0A18BW (the "Drone"), in National Defense
26 Airspace around Vandenberg Space Force Base ("VSFB"), in violation of
27 Title 49, United States Code, Sections 46307 and 40103, and Title 14,
28 Code of Federal Regulations, Section 99.7, a regulation prescribed

under Title 49, United States Code, Section 40103(b)(3). At the time of defendant's flight of the Drone, the Administrator of the Federal Aviation Administration had established that a particular area in the airspace was necessary in the interest of national defense; by regulation or order, the Administrator of the Federal Aviation Administration restricted or prohibited flight of civil aircraft that the Administrator cannot identify, locate, and control with available facilities in those areas; and the defendant knowingly or willfully violated the national defense airspace.

Specifically, on November 30, 2024, defendant traveled to a park near VSFB. There, he launched the Drone and flew it approximately 1.8 miles south, so that the drone was over VSFB. Defendant took several photographs of the base from the Drone while it was flying over the base.

After base security personnel detected the drone inside VSFB's restricted airspace, security personnel traveled to the park and contacted ZHOU and another individual who was traveling with ZHOU. ZHOU initially denied seeing any drone pilots but then revealed that he had the Drone inside his jacket. The Drone inside ZHOU's jacket was the same Drone that he flew over VSFB.

At the time of defendant's flight over VSFB, a Notice to Air Missions, published by the Administrator of the Federal Aviation Administration, was in effect that prohibited flight over certain areas designated as National Defense Airspace, which included the area over VSFB where defendant flew the Drone. Defendant knew that it was unlawful for him to fly his Drone over VSFB at the time he did so. Defendant had previously downloaded software that allowed him to

fly in places where he would otherwise be prohibited from flying, like over VSFB.

## SENTENCING FACTORS

10. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:              6           U.S.S.G. § 2X5.2

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

12. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

7

13. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

14. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

    h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

15. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

16. Defendant agrees that, provided the Court imposes a total term of imprisonment of no more than the statutory maximum, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

17. The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

18. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

22. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

23.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it

chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

26.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

JOSEPH T. MCNALLY
Acting United States Attorney

_____        3/3/2025
KEDAR S. BHATIA                         Date
Assistant United States Attorney

_____        3/3/25
YINPIAO ZHOU                            Date
Defendant

_____        3/3/25
JULIA DEIXLER                           Date
Attorney for Defendant Yinpiao Zhou

14

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     3/3/25
YINPIAO ZHOU                         Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Yinpiao Zhou's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____    3/3/25
JULIA DEIXLER                      Date
Attorney for Defendant Yinpiao Zhou